IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § | |
| Plaintiff, | § § § § | |
| VS. | § § | CIVIL ACTION NO. _____ |
| AUTOTAINMENT PARTNERS LIMITED, PARTNERSHIP d/b/a PLANET FORD and WORLDWIDE AUTOTAINMENT, INC. | § § § § § | |
| Defendants. | § § | **JURY TRIAL DEMANDED** |

**PLAINTIFF EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION'S ORIGINAL COMPLAINT**

1. This is an action under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §621, *et seq*. ("ADEA"), and Title VII of the Civil Rights Act of 1964, as amended by Title I of the Civil Rights Act of 1991 ("Title VII"), to correct unlawful employment practices on the basis of age, sex and race and to provide appropriate relief to William Robinson ("Robinson") and a class of similarly situated individuals who were adversely affected by such practices.

NATURE OF CLAIMS

2. In this lawsuit, Plaintiff Equal Employment Opportunity Commission ("Plaintiff or the "Commission") alleges that beginning around early 2006, Defendants Autotainment Partners Limited Partnership d/b/a Planet Ford and Worldwide Autotainment, Inc. (collectively "Defendants") unlawfully subjected Robinson to discrimination and harassment based on his age

-1-

(then 50), sex (male), and race (White).  During the relevant time period, Defendants also subjected a class of one or more other, similarly situated employees to harassment and discrimination based on age (over 40) and sex (male).  The Commission alleges that Robinson, and one or more other, similarly situated employees, complained internally of the harassment and discrimination perpetrated by Defendants to no avail.  Rather, the complaints resulted in retaliation against Robinson and others for making such complaints.  The continued harassment and retaliatory treatment forced the constructive discharge of Robinson's employment on or about May 31, 2007.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 7(b) of the ADEA, 29 U.S.C. § 626(b), which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217.  This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) ("Title VII").  This action is also authorized and instituted pursuant to Section 102 of Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

4. Venue is proper within the jurisdiction of the United States District Court for the Southern District of Texas, Houston Division.

5. The employment practices alleged to be unlawful were committed in Spring, Texas and/or Houston, Texas, both of which are within the jurisdiction of the United States District Court for the Southern District of Texas, Houston Division.

## PARTIES

6. Plaintiff, the Commission, is the agency of the United States of America charged

with the administration, interpretation and enforcement of the ADEA, and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. §626(b), as amended by Section 2 of the Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.  The Commission is also the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

7. Defendant Autotainment Partners Limited Partnership d/b/a Planet Ford ("Planet Ford") is a North Carolina limited partnership.  At all relevant times, this Defendant has continuously been doing business under the assumed name, "Planet Ford," in the State of Texas and the Cities of Spring and Houston, Texas, and has continuously had at least fifteen (15) employees.  Defendant Planet Ford may be served with summons by serving its registered agent for service of process, Prentice Hall Corporation System, at 701 Brazos Street, Suite 1050, Austin, Texas 78701.

8. At all relevant times, Defendant Planet Ford has continuously been an employer within the meaning of Section 11(b), (g), and (h) of the ADEA, 29 U.S.C. §630(b), (g), and (h), as well as an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

9. Defendant Worldwide Autotainment, Inc. ("Worldwide") is a North Carolina corporation.  At all relevant times, Defendant Worldwide has continuously been doing business in the State of Texas and the Cities of Spring and Houston, Texas, and has continuously had at least fifteen (15) employees.  Defendant Worldwide is the General Partner for Defendant Planet Ford, and may be served with summons by serving its registered agent for service of process, Prentice Hall Corporation System, at 701 Brazos Street, Suite 1050, Austin, Texas 78701.

10. At all relevant times, Defendant Worldwide has continuously been an employer

within the meaning of Section 11(b), (g), and (h) of the ADEA, 29 U.S.C. §630(b), (g), and (h), as well as an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

11. Upon information and belief, Plaintiff alleges that, during the relevant time period, Defendants operated as an integrated enterprise, with an interrelation of operations, centralized control of labor relations, common management, and common ownership.

## CONCILIATION

12. More than thirty days prior to the institution of this lawsuit, Robinson filed a charge with the Commission alleging violations of Title VII and the ADEA by Defendants. Prior to institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below, and to effect voluntary compliance by Defendants with the ADEA and Title VII through informal methods of conciliation, conference, and persuasion within the meaning of § 7(b) of the ADEA, 29 U.S.C. § 626 (b), and Title VII, 42 U.S.C. § 2000e-5 (b). All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

13. Planet Ford is an automotive dealership that operates at two or more separate locations within the Houston metropolitan area. The dealership sells both new and pre-owned vehicles.

14. Charging Party Robinson is a White male born in 1956, who, during the relevant time period, was 50 years old. He began his employment with Defendant at its Spring, Texas (I-45 North) location in or about June 2005 as a Used Car Sales Representative.

15. During his employed as a Used Car Sales Representative, Robinson was directly supervised by Aaron Rush ("Rush"), a Black male. Rush began harassing Robinson around early

2006. Rush verbally harassed Robinson on a daily basis because of Robinson's age (then 50), race (White) and gender (male). The harassment included repeated comments of a sexual nature and almost daily taunts that Robinson, who is heterosexual, was engaging in homosexual activities (which Rush referred to using obscene and degrading slurs) with other men. These comments indicated sex-based animus against Robinson as a male employee. Rush also regularly and erroneously informed Robinson that he (Robinson) was a racist. In addition, Rush regularly threatened to "get back at" Robinson for the "terrible things whites had done to blacks" in the past. Further, Rush repeatedly berated Robinson as being "too old" for the job and "washed up" in the industry. Rush also interfered with several automotive sales in which Robinson was involved, and sabotaged Robinson's ability to carry out the deals and thus, be compensated for them.

16. The acts set forth in paragraph 15 above are representative of the harassment and discrimination inflicted by Rush on Robinson, and do not summarize all such harassing remarks, comments or acts in their entirety. Robinson did not welcome and did not invite the harassment, which was severe and/or pervasive.

17. Beginning in about July 2006, Robinson complained to two of Defendants' managers about Rush's harassment. Neither manager took any action, however, to prevent or correct the harassment by Rush, who continued harassing Robinson based on his age, gender and race. In fact, one of the managers to whom Robinson complained, John Le Tang ("Le Tang"), also participated in the unlawful harassment of Robinson in Defendants' workplace and harassed Robinson in retaliation for making complaints against Rush. Following these complaints and in retaliation for them, Rush increased his harassment of Robinson, as well as his interference with Robinson's sales.

18. Because of the continued harassment, in or about August 2006, Robinson was

forced to transfer to another position in a different department – the position of Internet Sales Consultant with Planet Ford's Internet Sales Department. This transfer was represented by Defendants as a lateral move, but resulted in a substantial loss in compensation to Robinson.

19. In addition, even though they were then in different departments, Rush remained one of two or three managers who had authority to approve Robinson's sales deals in the Internet Sales Department. Rush utilized this authority to further undermine Robinson's sales efforts and to continue to harass Robinson.

20. As a result, Robinson complained to a different manager about Rush's harassment, but that manager failed to take corrective action and Rush continued his harassment unabated.

21. In fact, after Robinson complained about his treatment, Rush began discarding the paperwork Robinson needed in order to complete car sales and be compensated, and to otherwise interfere with Robinson's ability to complete deals and generate income within the dealership. On one occasion, Robinson confronted Rush after finding his (Robinson's) completed sales paperwork in the waste basket in Rush's office. Rush was unapologetic and did nothing to remedy the situation. Instead, Rush indicated that he did not intend to assist Robinson in doing his job. Defendants also subjected Robinson to different and more stringent sales and financing criteria than that required of other, similarly situated employees.

22. On or about April 4, 2007, Robinson utilized Defendants' policies to complain of the harassment and discrimination by Rush and others by filling out a formal complaint form. In the form, Robinson specifically alleged harassment and requested to speak to a manager about the harassment. Defendant took no action in response to Robinson's written complaint and request for assistance.

23. In or about May 2007, Rush transferred to Defendants' Finance Department where he had authority to approve ever used car sale within the dealership where Robinson worked.

24.     In May 2007, Defendants' continued discrimination, harassment and retaliation forced Robinson to resign, resulting in his constructive discharge, in violation of the ADEA and Title VII.

25.     During the relevant time period, at least one other, similarly situated employee was discriminated against and harassed by Rush because of his age (over 40) and his sex (male). This class of employee(s) suffered the same type of sexual harassment and age-based discriminatory comments by Rush and other managers as those directed at Robinson. This employee class also complained about the harassment, both informally and in writing, and, as a result, suffered retaliation perpetrated by Rush and others.

26.     The effect of these unlawful practices complained of above have been to deprive Robinson, and a class of one or more other, similarly situated employees, of equal employment opportunities, and to otherwise adversely affect Robinson's status as an employee because of his age (over 40), his race (White), and his gender (male) and at least one other employee's status as an employee because of age (over 40) and gender (male).

27.     The unlawful employment practices complained of above were and are willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. §626(b).

28.     The unlawful employment practices complained of above were and are intentional.

29.     The unlawful employment practices complained of above were and are done with malice or with reckless indifference to the federally protected rights of William Robinson and a class of one or more similarly situated employees who were subjected to discrimination and harassment.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.      Grant a permanent injunction enjoining Defendants, their officers, successors,

assigns and all persons in active concert or participation with them, from engaging in any employment practice which discriminates against individuals 40 years of age and older on the basis of age.

  B. Grant a permanent injunction enjoining Defendants, their officers, successors, assigns and all persons in active concert or participation with them, from engaging in an employment practice which discriminates on the basis of sex.

  C. Grant a permanent injunction enjoining Defendants, their officers, successors, assigns and all persons in active concert or participation with them, from engaging in an employment practice which discriminates on the basis of race.

  D. Order Defendants to institute and carry out policies, practices and programs which provide equal employment opportunities for individuals 40 years of age and older, and which eradicate the effects of their past and present unlawful employment practices.

  E. Order Defendants to institute and carry out policies, practices and programs which provide equal employment opportunities for individuals on the basis of race, and which eradicate the effects of their past and present unlawful employment practices.

  F. Order Defendants to institute and carry out policies, practices and programs which provide equal employment opportunities for individuals on the basis of gender, and which eradicate the effects of their past and present unlawful employment practices.

  G. Grant a permanent injunction enjoining Defendants, their officers, successors, assigns and all persons in active concert or participation with them, from engaging in an employment practice which discriminates on the basis of opposition to discrimination.

  H. Grant a judgment requiring Defendants to make whole William Robinson, and the class of similarly situated employees, by providing appropriate back wages, in an amount to be determined at trial, and for Defendants' willful conduct, an equal sum as liquidated damages, or

pre-judgment interest in lieu thereof.

  I.  Order Defendants to make whole William Robinson, and the class of similarly situated employees, by providing the affirmative relief necessary to eradicate the effects of Defendants' unlawful employment practices, including, but not limited to, reinstatement into employment of William Robinson and any class members similarly affected, or an award of front pay if reinstatement is impractical.

  J.  Order Defendants to make whole William Robinson, and the class of similarly situated employees, by providing compensation for past and future pecuniary losses resulting from the unlawful practices described above, including out-of-pocket expenses, including those related to job searches and insurance, in amounts to be proved at trial.

  K.  Order Defendants to make whole William Robinson, and the class of similarly situated employees, by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of above, including emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life, in amounts to be determined at trial.

  L.  Order Defendants to make whole William Robinson, and the class of similarly situated employees, by providing appropriate post-judgment interest, in amounts to be determined at trial.

  M.  Order Defendants to pay William Robinson, and the class of similarly situated employees, punitive damages for its malicious and/or reckless conduct described above, in an amount to be determined at trial.

  N.  Grant such other and further relief as the Court deems necessary and proper in the public interest.

  O.  Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

JAMES LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
131 M Street, N.E.
Washington, D.C. 20507


 _/s/ Connie K. Wilhite
CONNIE K. WILHITE
Attorney-in-Charge

Texas Bar No. 00792916
Southern Dist. of Texas No. 23624
Equal Employment Opportunity Commission
1919 Smith Street, 6th Floor
Houston, Texas 77002
(713) 209-3390
(713) 209-3402 [facsimile]
connie.wilhite@eeoc.gov

OF COUNSEL:

JIM SACHER
Regional Attorney

ROSE ADEWALE-MENDES
Supervisory Trial Attorney

Equal Employment Opportunity Commission
1919 Smith Street, 6th Floor
Houston, Texas 77002